## Bannister *vs* Weatherford.

### Error to the Marion Circuit.

#### *Practice. Variance. Contracts.*

Chief Justice Marshall delivered the opinion of the Court.

The variance between the contract as stated in the declaration, and as established by the plaintiff's proof

A variance in the proof from the day alledged in

fixing the days between which the hogs were to be delivered by the defendant, might have been removed by amendment of the declaration during the trial, and without producing a postponement. But as there was no amendment nor offer to amend, and as according to the settled rules upon the subject, this variance in the terms of the contract on which the suit was founded, must be deemed material, the defendant's motion for instructions as in case of a non-suit, should have been sustained. But as upon a reversal, even upon this ground alone, the case would go back for a new trial, and this ground of variance might be removed by amendment, it is necessary to notice another error which occured at a subsequent stage of the trial.

The evidence conduced to prove, that after making the contract with the plaintiff, and long before the time for delivery, the defendant contracted to sell and deliver the same hogs to another person, but that the hogs remained in his possession on his farm until some time after the last day named for the delivery to the plaintiff, and were never delivered either to the first or second purchaser, but were in fact delivered to some other.

The Court instructed the jury, that if after selling to the plaintiff, and before the time for delivery to him, the defendant again sold them to another, then no demand by the plaintiff was necessary.

The fact that one
who had contracted to deliver cumbrous
property to one
person on a particular day, had
contracted to deliver the same
property to another person, did
not authorize the
person who first
purchased to sue
for breach of his
contract, or dispense with performance on his
part of every act
either precedent
or concurrent,
which devolved
upon him by his
agreement.

If the second executory contract had deprived the defendant of the right or power of complying with the first, it would have dispensed with the necessity of a demand of such compliance. But as it did not so operate, the mere fact of making it, did not, in our opinion, constitute in itself, either a breach of the first contract or such unequivocal evidence of a determination not to perform it, as would authorize the plaintiff to sue for its breach without doing or tendering, on his part, such precedent or concurrent acts as by its terms were incumbent on him. The instruction above noticed is inconsistent with these views.

Wherefore, the judgment is reversed and the cause is remanded for a new trial.

*Harrison* for plaintiff; *Shuck* for defendant.